UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH E. MULLIN,<br><br>                   Plaintiff,<br><br>        -against-<br><br>WL ROSS & CO. LLC,<br>ROSS CG ASSOCIATES, L.P.,<br>ROSS EXPANSION FLP, L.P.,<br>ABSOLUTE RECOVERY ADVISORS, LP,<br>ABSOLUTE RECOVERY CAPITAL PARTNERS, LLC,<br>ASIA RECOVERY ASSOCIATES, LP,<br>INDIA ASSET RECOVERY ASSOCIATES, LLC,<br>WLR NANOTECHNOLOGY GP LLC,<br>WLR NANOTECHNOLOGY LP LLC,<br>WLR RECOVERY ASSOCIATES, LLC,<br>WLR RECOVERY ASSOCIATES II, LLC,<br>WLR RECOVERY ASSOCIATES III, LLC,<br>WLR RECOVERY ASSOCIATES IV, LLC, AND<br>WLR RECOVERY ASSOCIATES IV DSS AIV, L.P.<br><br>                   Defendants. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff Joseph E. Mullin, by and through his undersigned attorneys, brings this Complaint against Defendants WL Ross & Co. LLC, Ross CG Associates, L.P., Ross Expansion FLP, L.P., Absolute Recovery Advisors, LP, Absolute Recovery Capital Partners, LLC, Asia Recovery Associates, LP, India Asset Recovery Associates, LLC, WLR Nanotechnology GP LLC, WLR Nanotechnology LP LLC, WLR Recovery Associates, LLC, WLR Recovery Associates II, LLC, WLR Recovery Associates III, LLC, WLR Recovery Associates IV, LLC and WLR Recovery Associates IV DSS AIV, L.P. (collectively, "WL Ross"), and in support thereof alleges the following:

## NATURE OF ACTION

1.      This action arises from Defendants' misappropriation from Plaintiff Joseph E. Mullin of over $3.6 million in carried interests and profits rightfully due to him from private equity funds in which Mr. Mullin participated and invested during nearly seven years of employment with Defendant WL Ross & Co. ("WL Ross") and Invesco, Ltd. ("Invesco"), under Wilbur L. Ross, Jr.

2.      Regrettably, these facts are part of a pattern of similar conduct directed at a number of former employees of WL Ross/Invesco, including David H. Storper, as set forth his the Second Amended Complaint in *David H. Storper v. Invesco, Ltd., et al.*, Supreme Court of the State of New York, County of New York, Index No. 652550/2015.

3.      After his departure from WL Ross/Invesco, in October 2007, Mr. Mullin retained his interests in various partnerships set up to account for and distribute carried interest and profits to employees of the company.  For no reason other than that they were in a position to do so, Defendants looted Mr. Mullin's rightful carried interests and investment profits—upon information and belief, for the personal benefit of Wilbur L. Ross, Jr.—and attempted to conceal their misconduct through opaque and misleading tax statements and disclosures.

4.      This scheme reached its egregious peak on April 3, 2014, when the Chief Financial Officer of WL Ross/Invesco issued to Mr. Mullin a purported notice falsely suggesting that one of the most profitable partnerships, Defendant Ross GG Associates, LP, was "liquidating," and that Mr. Mullin was receiving a purported "liquidating distribution."  In fact, Ross CG Associates, LP had not liquidated, and this notice was a mere sham to conceal Wilbur L. Ross, Jr.'s apparent personal misappropriation of Mr. Mullin's share of the substantial fees

and profits on the outstanding performance of the underlying Taiyo Partners Japanese investment fund.

5.     As a consequence of Defendants' breaches of contract, breaches of fiduciary duties and other misconduct, Mr. Mullin is entitled to damages in the amount of his misappropriated carried interests and profits in connection with the various WL Ross/Invesco Funds in which he has an interest, along with prejudgment interest.  Mr. Mullin also is entitled to an award of punitive damages on grounds of Defendants' willful misconduct.

## PARTIES

6.     Plaintiff Joseph E. Mullin is an individual resident in the State of Texas, with an address at 3227 McKinney Ave, Apt. 21L Dallas, TX 75204.

7.     Defendant WL Ross & Co. LLC is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

8.     Ross CG Associates, L.P. is a Delaware limited partnership with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the partners and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

9.     Ross Expansion FLP, L.P. is a Delaware limited partnership with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the partners and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

10.    Absolute Recovery Advisors, LP is a Delaware limited partnership with its

principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the partners and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

11.     Absolute Recovery Capital Partners, LLC is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

12.     Asia Recovery Associates, LP is a Delaware limited partnership with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036. Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

13.     India Asset Recovery Associates, LLC is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

14.     WLR Nanotechnology GP LLC is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

15.     WLR Nanotechnology LP LLC is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

16.     WLR Recovery Associates, LLC is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

17.     WLR Recovery Associates II, LLC is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

18.     WLR Recovery Associates III, LLC is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

19.     WLR Recovery Associates IV, LLC is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

20.     WLR Recovery Associates IV DSS AIV, L.P. is a Delaware limited liability company with its principal place of business located at 1166 Avenue of the Americas, 27th Floor, New York, NY 10036.  Upon information and belief, the members and beneficial owners of this entity do not include any natural person or citizen of the State of Texas.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), because there is complete diversity between the parties and the amount in controversy exceeds

$75,000.00, exclusive of interests and costs .

22.     Venue is proper in this District under 28 U.S.C. §§ 1391, because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and the principal place of business of Defendants are in this District.

23.     The Court has personal jurisdiction over Defendants because they have conducted and conduct business within the State of New York and maintain their offices within this District.

## FACTS

24.     Plaintiff Joseph E. Mullin is an investment professional specializing in, among other things, the acquisition, restructuring and disposition of distressed assets, as well as restructuring related consulting.

25.     Prior his employment with Defendant WL Ross/Invesco, Mr. Mullin graduated from Harvard University and was employed in the investment banking division of Goldman Sachs & Co.

26.     Thereafter, for nearly seven years, between March 2001 and October 2007, Mr. Mullin served as an employee of Defendant WL Ross—and, subsequently, Invesco, after its acquisition of WL Ross in 2006.  Mr. Mullin served successively as an Associate, Assistant Vice President and Private Equity Research Analyst, reporting to David H. Storper and Wilbur L. Ross, Jr.

27.     As a part of the team of approximately fifteen WL Ross/Invesco investment professionals, Mr. Mullin participated in the planning and execution of various investments on behalf of private equity funds (the "Funds") raised and managed by WL Ross/Invesco and Wilbur L. Ross, Jr.

**Mr. Mullin's Carried and Capital Interests**

28.     Pursuant to the terms of his employment, as well as the terms of a number of specific partnership and limited liability company operating agreements (the "Partnership Agreements" of the "Partnerships"), Mr. Mullin received as a portion of his compensation a percentage share of the carried interests (the "Carried Interest Percentage," or, collectively the "Carried Interests") earned by the managing entity (the "Manager") of various Funds formed by WL Ross, and of which an WL Ross affiliate served as Manager.

29.     The Carried Interests of WL Ross/Invesco employees were allocated and distributed by the Partnerships, each of which served as a partner or member of the Manager of its respective Fund.

30.     Under the Partnership Agreements, to the extent that a partner's Carried Interest Percentage was vested, the Partner was entitled to receive his share of any amounts distributed by the Fund as compensation to the Manager—including, typically, performance fees of 20% of the Fund's profits.

31.     In addition, under the Partnership Agreements, each Partner, including Mr. Mullin was obligated to contribute substantial amounts of his own personal capital ("Capital Contributions") directly into various Funds, in exchange for which he received "capital interests" (the "Capital Interest Percentage," or, collectively the "Capital Interests") in the relevant Partnership.  In other words, each Partner was required to put his own money at risk in the Funds, alongside the Fund's outside investors. Each Partner's Capital Interest Percentage in each Partnership was the percentage of that Partner's Capital Contribution to the Capital Contributions of the Partners as a whole.

32.     During the course of, and after, his employment, Mr. Mullin committed to make

Capital Contributions to various Funds in an aggregate amount of $577,293.00.

33.     Under the Partnership Agreements, each Partner was entitled to receive "distributions with respect to such Partner's capital contributions to the Partnership in a manner similar to the manner such Partner would have received from the Fund General Partner if such Partner's capital contributions had been made directly to the Fund General partner," rather than to the Partnership.  In other words, each Partner, including Mr. Mullin, was entitled to receive through the Partnership his share of the Fund's net profits, based upon the amount of his Capital Contribution.

34.     Thus, in connection with each Fund in which he had an interest, Mr. Mullin was entitled to receive contemporaneous annual distributions of (i) his share of the Manager's earnings, or Carried Interest, according to his Carried Interest Percentage; and (ii) his share of the underlying Fund's annual profits according to his Capital Interest Percentage.

### Mr. Mullin's Partnership Interests

35.     In October 2007, Mr. Mullin resigned his employment with WL Ross/Invesco to take a position as a portfolio manager at a high yield fixed income fund in London, England.

36.     However, under the terms of the Partnership Agreements, Mr. Mullin—whose Capital Contributions still were at risk in the underlying Funds—retained an undiminished economic interest in the various Partnerships in which he had a stake, and continued to be entitled to both his Carried Interest and Capital Interest going forward.

37.     At the time of his departure from WL Ross/Invesco, Mr. Mullin held the following vested Carried Interest Percentages and had made or committed to make the following Capital Contributions into the following Partnerships (the "Disputed Partnerships"):

| WL Ross Partnership | Vested Carried Interest Percentage | Capital Contribution Commitment |
|---|---|---|
| Absolute Recovery Advisors, LP | 1.20% | - |
| Absolute Recovery Capital Partners, LLC | 1.20% | - |
| Asia Recovery Associates, LP | 1.00% | - |
| India Asset Recovery Associates, LLC | 0.13% | $15,000 |
| Ross Expansion FLP, LP | 3.50% | $79,646 |
| Ross CG Associates, LP | 0.50% | $10,000 |
| WLR Nanotechnology GP LLC | 1.00% | $5,000 |
| WLR Nanotechnology LP LLC | 1.00% | $45,000 |
| WLR Recovery Associates, LLC | 1.00% | - |
| WLR Recovery Associates II, LLC | 1.20% | $10,000 |
| WLR Recovery Associates III, LLC | 0.60% | $150,000 |
| WLR Recovery Associates IV, LLC | - | $250,000 |
| WLR Recovery Associates IV DSS AIV, L.P. | - | $12,647 |
| **Total** | | **$577,293** |

### Mr. Mullin's Continued Interests in the Disputed Partnerships

38.     Pursuant to the terms of the various Partnership Agreements, a Partner could voluntarily "retire" or "withdraw" from a Partnership upon six months' advance written notice to the General Partner.  In addition, a Partner could be "required" to retire or "withdraw" from a Partnership "upon 24 hours' written notice" by the General Partner.

39.     In either case, such written notice was governed by the notice provisions of the relevant Partnership Agreement—which required, respectively, either (i) personal delivery, or delivery by U.S. Mail, directly to Wilbur L. Ross, Jr.; or (ii) personal delivery, or delivery by U.S. Mail, directly to such Partner at his specified address.

40.     At the conclusion of his employment with WL Ross/Invesco, Mr. Mullin did not voluntarily retire or withdraw from any of the Disputed Partnerships.  Nor did the General Partner of any of the Disputed Partnerships provide such notice, under the terms of the Partnership Agreements, predicate to the mandatory withdrawal or retirement of Mr. Mullin from the Disputed Partnerships.

41.     Consistent with the foregoing, after his departure as an employee of WL Ross/Invesco in October 2007, Mr. Mullin continued to receive periodic tax statements and K-1's from the Disputed Partnerships confirming that he continued to have economic interests in the Disputed Partnerships, as well as certain payments which Defendants falsely represented to be the full amount of the Carried Interest and profits due to Mr. Mullin under the various Disputed Partnerships.

42.     Similarly, between the date of his departure and the present, Mr. Mullin continued to receive, and to fund, capital calls from a number of Disputed Partnerships, including Defendants India Asset Recovery Associates, LLC, WLR Recovery Associates III, LLC, WLR Recovery Associates IV, LLC and WLR Recovery Associates IV DSS AIV, L.P.

43.     Because Mr. Mullin no longer was with WL Ross/Invesco—and no longer had access to internal confidential information concerning the performance of the Funds or the Disputed Partnerships—Mr. Mullin had no reason to believe that Defendants' representations concerning the Disputed Partnerships were false, or that WL Ross/Invesco's statements and computations were incorrect.

**Defendants' Willful Misconduct**

44.     In fact, as Mr. Mullin discovered—as a result of demands for information and litigation brought by David H. Storper (the "Storper Action"), another former Partner in

Defendant Ross CG Associates, LP, which was a member of the Manager of the highly successful Taiyo Partners LP fund (the "Taiyo Fund")—from 2007 on, Defendants had falsely represented to him the performance of the Managers and the Funds; maintained unaudited and highly irregular accounting of the Disputed Partnerships; inappropriately deducted certain purported expenses that were not properly attributable to the Disputed Partnerships; and failed to properly account for or to distribute to Mr. Mullin his Carried Interests and profits in the Disputed Partnerships.

45.   As set forth below, to date, Defendants collectively failed to distribute to Mr. Mullin over $3.6 million due to him as Carried Interests and profits.

46.   Based upon pleadings and other filings in the Storper Action, upon information and belief, Wilbur L. Ross, Jr.—who had rights to the vast majority of the Carried Interests and profits in connection with each Fund—personally appropriated virtually all of Mr. Mullin's Carried Interests and profits to himself.

**The Purported "Liquidating Distribution" of Ross CG Associates, LP**

47.   Apparently as a result of the legal pressure from Mr. Storper, on April 3, 2014, the Chief Financial Officer of WL Ross, Michael J. Gibbons, sent Mr. Mullin a memorandum entitled "Ross CG Associates L.P. -- Final Distribution," (the "Purported Liquidating Distribution"), which falsely stated that Ross CG Associates, LP was making a "liquidating distribution" to Mr. Mullin of his remaining capital balance, purportedly in the amount of $35,290.

48.   In fact, Defendant Ross CG Associates, L.P. had not been liquidated or dissolved. Rather, the Purported Liquidating Distribution was a sham, designed to mislead Mr. Mullin into believing that the underlying Taiyo Fund had been wound up—when it had not.  Quite to the contrary, the Taiyo Fund had appreciated by over 37.91% in 2013 alone, and only the week

before the Purported Liquidating Distribution received a substantial new investment from a large Japanese pension fund.

49.     The Purported Liquidating Distribution was designed to conceal from Mr. Mullin the tremendous long term success of the Taiyo Fund, to which he was not privy; the failure of Defendants Wilbur L. Ross, Jr., WL Ross and Ross CG Associates, L.P. to properly account for and distribute to Mr. Mullin substantial Carried Interest due to him in connection with the Taiyo Fund; and Wilbur L. Ross, Jr.'s apparent personal appropriation of Mr. Mullin's share of the Carried Interest and profits from the performance of the Taiyo Fund.

50.     Although false and misleading, the Purported Liquidating Distribution confirmed Defendants' common understanding that Mr. Mullin remained entitled to distributions from Defendant Ross CG Associates, LP through at least April 3, 2014.  Because the Purported Liquidating Distribution of Mr. Mullin's interest in Ross CG Associates, LP was a sham, and is not a mechanism provided for in the relevant Partnership Agreement, the Purported Liquidating Distribution was a nullity and did not terminate Mr. Mullin's continuing interest the Partnership, or in Carried Interest or profits arising from the performance of the Taiyo Fund.

51.     Based upon public statements and filings of the California Public Employees' Retirement System ("CalPERS"), which also invested in the Taiyo Fund, Mr. Mullin's share of the Carried Interest and profits arising from the performance of the Taiyo Fund wrongfully withheld from him to date is no less than $1.4 million.

### Defendants' Misappropriation of Mr. Mullin's
### Carried Interest and Profits from Ross Expansion FLP, LP

52.     Defendants' misconduct concerning the Taiyo Fund and Ross CG Associates, LP, caused Mr. Mullin to investigate Defendants' misconduct in connection with the other Disputed Partnerships.

53.     Ross Expansion FLP, LP, was a member of the Manager of a Fund (the "Expansion Fund") consisting of European railcar assets held by VTG AG ("VTG"), a publicly traded company in Germany.  Mr. Mullin discovered that he had never been credited with a $79,646 Capital Contribution he made to Ross Expansion FLP, LP, which should have been earning Mr. Mullin profits in the Fund for a number of years.  In addition, based upon publicly available information from VTG, Defendants WL Ross and Ross Expansion FLP, LP did not appropriately account for or distribute to him Carried Interest or profits of the underlying Fund, and wrongfully deducted inappropriate expenses.

54.     Based upon publicly available information from VTG, as well as from Invesco's own press releases, Mr. Mullin's share of the Carried Interest and profits arising from the performance of the Expansion Fund wrongfully withheld from him to date is no less than $1.5 million.

**Inappropriate Deductions of Expenses by the Remaining Disputed Partnerships**

55.     Based upon the limited information he has obtained, and his analysis of the purported accounting statements and tax related disclosures presented to him by the remaining Disputed Partnerships, Mr. Mullin has identified irregularities, such as inappropriate deductions charged to him for purported expenses, totaling no less than $606,856.

**FIRST CAUSE OF ACTION**

**(Breach of Contract, as against All Defendants)**

56.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

57.     Based upon the foregoing conduct, Defendants are in breach of the Partnership Agreements of the Disputed Partnerships.

58.     As a result of such breaches of contract, Mr. Mullin has suffered damages in the amount of no less than $3.6 million in wrongfully withheld Carried Interest and profits.

59.     Mr. Mullin further is entitled to declaratory relief establishing that he is entitled to receive his properly accounted share of Carried Interest and profits in connection with the Disputed Partnerships going forward.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duties, as against All Defendants)

60.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

61.     Each of the Disputed Partnerships and their agents owed fiduciary duties to the limited partners, including Mr. Mullin.

62.     In breach of their fiduciary duties to Mr. Mullin, Wilbur L. Ross, Jr. and other agents of Defendants caused the Disputed Partnerships to withhold approximately $3.6 million in Carried Interests and profits due and owing to Mr. Mullin, and wrongfully appropriated to Wilbur L. Ross, Jr. virtually all of this amount.

63.     In connection with this scheme, Defendants engaged in fraudulent conduct, including but not limited to numerous false and misleading K-1 and tax notices issued annually in connection with each of the Disputed Partnerships, and the false and misleading Purported Liquidating Distribution, which served no other purpose than to conceal Defendants' misconduct.

64.     Accordingly, Defendants are liable to Mr. Mullin for all of his damages arising from the foregoing conduct.  Furthermore, because Defendants' actions were wanton, willful and in disregard of Mr. Mullin's clear rights, Defendants also are liable for punitive damages.

## THIRD CAUSE OF ACTION
### (Accounting, as against All Defendants)

65.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

66.     In view of the foregoing facts and circumstances, Mr. Mullin demand an accounting of all of the Disputed Partnerships.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A.      For an award of all of Plaintiff's compensatory damages, in the amount to be proven at trial, plus prejudgment interest;

B.      For an award of punitive damages;

C.      For an accounting;

D.      For an order awarding Plaintiff's attorneys' fees and costs in connection with this action; and

E.      For an order awarding such other and further relief as this Court may deem just and proper.

DATED:   New York, NY
                December 30, 2016

Respectfully submitted,

PRESS LAW FIRM PLLC

By:   _____
        Matthew J. Press
        825 Third Avenue, Second Floor
        New York, NY  10022
        Telephone:  (212) 922-1111
        Facsimile:   (347) 342-3882
        mpress@presslawfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury on all issues so triable.

DATED:   New York, NY
          December 30, 2016

Respectfully submitted,

PRESS LAW FIRM PLLC

By: _____
    Matthew J. Press
    825 Third Avenue, Second Floor
    New York, NY  10022
    Telephone:  (212) 922-1111
    Facsimile:   (347) 342-3882
    mpress@presslawfirm.com

*Attorneys for Plaintiff*